COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Annunziata and Senior Judge Overton[*]
Argued at Norfolk, Virginia


ARTHUR LYDELL McDONALD

                                        MEMORANDUM OPINION[**] BY
v.          Record No. 3001-97-1        JUDGE NELSON T. OVERTON
                                          FEBRUARY 16, 1999
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
                      Verbena M. Askew, Judge

          Bryan L. Saunders for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellant.


     Arthur Lydell McDonald (defendant) appeals his conviction

for bank robbery, in violation of Code § 18.2-58.  He contends

that the evidence was insufficient to support the conviction.

Because we hold that the evidence was sufficient, we affirm.

     When the sufficiency of the evidence is challenged on

appeal, we review the evidence in the light most favorable to the

Commonwealth and grant to it all reasonable inferences fairly

deducible therefrom.  See Higginbotham v. Commonwealth, 216 Va.

349, 352, 218 S.E.2d 534, 537 (1975).  We may not disturb the

conviction unless it is plainly wrong or unsupported by the

_____

     [*]Judge Overton participated in the hearing and decision of
this case prior to the effective date of his retirement on
January 31, 1999 and thereafter by his designation as a senior
judge pursuant to Code § 17.1-401, recodifying Code
§ 17-116.01:1.

     [**]Pursuant to Code § 17.1-413, recodifying Code § 17-
116.010, this opinion in not designated for publication.

evidence.  See Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988).  Viewed in this light, we cannot say that defendant's robbery conviction was erroneous.

Defendant presented his identification card and deposit slip at a bank teller's window.  Written upon the slip were the words "I have a gun, don't panic, don't make me use it, act casual." The teller gave him some money and a dye pack before he exited the bank, leaving his slip and card behind.  Both items bore his fingerprints.  A bank surveillance camera recorded the robbery. Defendant was apprehended near the bank shortly after the robbery.  While he claimed he had not robbed the bank, he was aware the bank had been robbed and knew that the color of the dye in the dye pack was red.

The trial court had before it all the evidence, including the bank camera's pictures of defendant.  The trial court implicitly found that defendant was the man recorded by the camera and this, combined with the other evidence, proved his guilt.  Because this finding is supported by the evidence, we shall not disturb it on appeal.

We hold that the evidence was sufficient to support defendant's conviction.  Therefore, the conviction is affirmed.

Affirmed.

Benton, J., concurring.

I do not agree that the evidence proved Arthur Lydell McDonald was the man who actually robbed the bank teller. At trial, the teller testified that shortly after the robbery, the police took her outside the bank to view McDonald and another man. At that time, she could not identify either McDonald or the other man as the person who robbed her. During the teller's testimony, the Commonwealth entered into evidence photographs taken by the bank's surveillance camera while the robbery was occurring. Although the teller identified the person in the photographs as the person who robbed her, she did not identify McDonald as the person in the photographs. Furthermore, the teller conceded that she did not know whether McDonald, who was present in the courtroom when she testified, was the person who robbed her.

The Commonwealth's evidence establishes that: (1) the robber was wearing "dark clothes," (2) McDonald's fingerprints were on both the withdrawal form and the identification card left by the robber, (3) the identification card was McDonald's, (4) the teller gave the robber money containing a dye pack, (5) the dye pack exploded across the street from the bank, leaving red dye on the sidewalk, (6) shortly after the robbery, McDonald was found by the police hiding under a bridge a quarter of a mile from the bank, (7) McDonald was wearing "white clothing covered in mud," (8) no red dye was on McDonald or his clothing, and (9) McDonald made several statements to the arresting officers which

indicated McDonald knew that a bank had been robbed and that a dye pack had discharged red ink.

This evidence does not prove beyond a reasonable doubt that McDonald was the person who actually robbed the teller. In fact, some of the evidence tends to disprove that hypothesis. Minutes after the robbery, the teller viewed McDonald and could not identify him as the robber. When he was detained immediately after the robbery, McDonald was wearing clothes of a different color than the clothes the robber wore. Although the dye pack exploded, no dye was found on McDonald or his clothes. The withdrawal slip that contained McDonald's fingerprints contained other prints that the police were unable to test. In addition, no evidence proved that McDonald's fingerprints were recovered from the money wrapper that the robber discarded within the bank. I believe these factors raise a reasonable doubt whether McDonald was the actual robber.

The lack of evidence linking McDonald directly to the person in the photographs likely explains why the Commonwealth's attorney did not argue before the trial judge that McDonald was the person in the photograph. Rather, the Commonwealth's attorney argued that "[a]s far as this case is concerned, . . . it comes down to the evidence as to the credibility of . . . McDonald." The trial judge found that McDonald's testimony of events was not credible.

Giving an elaborate explanation of his activities the day of the robbery, McDonald testified that he took several valium and

later met men known to him as Black and Black's cousin, Earl. During conversation with them, McDonald showed Earl how to make a bank withdrawal using the bank's withdrawal form that McDonald had earlier obtained. McDonald wrote on the form and gave Earl another withdrawal form. According to McDonald, Earl obtained McDonald's identification and offered to drive McDonald to a hospital for treatment. As McDonald slept in the car, Earl awakened McDonald, said he robbed the teller, and forced McDonald and Black to leave the car. McDonald said he fled to a marsh after he learned of the robbery and was arrested by the police.

Although the trial judge expressly rejected McDonald's "creative . . . accounting of what took place," he was not required to reject the incriminating circumstances flowing from that testimony. See Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991) (noting that the trier of fact "is not required to accept in toto an accused's statement, but may rely on it in whole, in part, or reject it completely"). What the evidence does establish, and the reason why I concur with the decision to affirm, is McDonald's guilt as a principal in the second degree. The trial judge could have found that McDonald was aware of the robbery and had participated in the planning and execution of the robbery. If so, then it was proper for him to convict and punish McDonald as though he actually committed the offense. See Code § 18.2-18.

To convict McDonald as a principal in the second degree, the evidence "must prove [that McDonald] was present at the scene and

- 5 -

'"share[d] the criminal intent of the party who actually committed the [crime] or [was] guilty of some overt act in furtherance thereof."'" Allard v. Commonwealth, 24 Va. App. 57, 62, 480 S.E.2d 139, 141 (1997) (citation omitted). McDonald's testimony proved that he knew the robber, that he wrote parts of the withdrawal form for the robber, and that he was present near the bank when the robbery occurred. McDonald was arrested a quarter of a mile from the bank immediately following the robbery. His fingerprints were on the identification card and the withdrawal form. He knew that the robbery had occurred and that a dye pack had exploded. He was hiding to avoid detection and gave a statement that did not acknowledge that he knew the robber.

I believe that this direct and circumstantial evidence proved beyond a reasonable doubt that McDonald was a principal in the second degree to the robbery. Therefore, I would also affirm the conviction.